

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TYLER R. TODD,<br><br>Plaintiff,<br><br>v.<br><br>INPRO SOLUTIONS, LLC,<br><br>Defendant. | CIVIL ACTION<br><br>NO. _____ 30450<br><br>3-09CV0680-D |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff TYLER R. TODD ("Plaintiff"), files this Complaint against Defendant INPRO SOLUTIONS, LLC ("Defendant"), and respectfully shows the Court as follows:

### I.   PARTIES

1.   Plaintiff, an individual, is a citizen and resident of Maricopa County, in the State of Arizona.

2.   Defendant InPro Solutions, LLC is a company incorporated under the laws of the State of Texas. Defendant has its principal place of business in Dallas, Texas. Defendant may be served with process by serving its registered agent, Communications Holdings of America LLC, 700 Shadowbrook Lane, Irving, Texas 75063. Defendant's members and managers are Sergio Maranan ("Maranan"), 9542 E. Valley Ranch Parkway, Irving, Texas 75063, and Regino Angelo Dela Cruz, 2525 Ohio Drive, #807, Plano, Texas 75093.

### II.   JURISDICTION

3.   This Court has jurisdiction over the lawsuit because the action arises under the Fair Labor Standards Act, 29 U.S.C. §207. At all times relevant to this suit, Plaintiff was an

employee, and Defendant was an employer, as those terms are defined in the Fair Labor Standards Act, Title 29, Sections 201-219, of the United States Code. Plaintiff's principal activities while employed by Defendant were in commerce and working for an enterprise engaged in commerce, as defined in the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiff set up construction of telephone networks which are regularly used in communication and transmission of information between Texas and other states.

### III. VENUE

4. Venue is proper in the Northern District of Texas and this Court pursuant to both 28 U.S.C. §1391(a) and 28 U.S.C. §1391(c), because this is the district in which a substantial part of the events or omissions giving rise to the claims occurred, and the Defendant is doing business and resides (for venue purposes) in this district. The claims arise out of Plaintiff's former employment at InPro Solutions, LLC, located at 5001 Lyndon B. Johnson Freeway, Suite 700, Dallas, Texas 75244. This office is the physical location of InPro Solutions, LLC's employees and management, and the location where Plaintiff provided the majority of his services.

### IV. FACTUAL BACKGROUND

5. On or about September 1, 2008 through November 7, 2008, Plaintiff was an employee of Defendant, and employed as an Associate OSP Engineer. Plaintiff and Defendant had a written contract by which Plaintiff agreed to perform telephone networking services at a rate of $18.00 per hour, and overtime compensation for each additional hour worked in excess of forty (40) hours per week. Plaintiff's scheduled paydays were every other Friday, with an agreed work schedule of eight (8) hours per day, five (5) days per week.

6. In reliance on Defendant's offer of and contract for employment, Plaintiff moved from Arizona to Dallas. A substantial portion of the work performed by Plaintiff was in Dallas County. On occasion, Plaintiff had to travel to perform his work. On such occasions, Plaintiff incurred work-related expenses, such as gasoline costs, which Defendant agreed to reimburse.

7. During the entire period of his employment, Plaintiff performed all duties and work required, and all times was willing and able to perform the work required. Throughout Plaintiff's employment, he received positive reviews from his supervisors and managers at Defendant company. On or about November 7, 2008, Plaintiff was informed by Maranan (manager of Defendant) that he, along with several others, were being laid off due to lack of available work. Plaintiff was not laid off for cause.

8. During the nine (9) weeks Plaintiff was employed by Defendant, he was repeatedly underpaid for both "regular" hours (hours within the forty-hour work week) and overtime hours. Plaintiff's overtime hours were pre-approved by his supervisor. At least thirty-one "regular" hours, and twenty-seven (27) overtime hours of worked performed by Plaintiff have not been paid by Defendant. Furthermore, Defendant has failed reimburse Plaintiff for his properly submitted, work-related expenses.

9. On November 15, 2008, Plaintiff inquired about the status of his unpaid hours and expenses. Maranan responded that Plaintiff's "paycheck was pending final clearance from the company." When Plaintiff did not receive his pay, he made several additional inquiries to Maranan, all of which were ignored. On December 4, 2008, counsel for Plaintiff sent a demand letter to Maranan for the unpaid wages and expenses. Counsel for Plaintiff also attempted to make telephone contact with Maranan on several occasions. To date, Maranan has not responded, and the Defendant has failed and refused to pay Plaintiff compensation as agreed and required by law.

### V. CAUSES OF ACTION

#### COUNT I – VIOLATION OF FAIR LABOR STANDARDS ACT

10. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

11. Plaintiff's principal activities while employed by Defendant were in commerce and working for an enterprise engaged in commerce or the production of goods for commerce, as defined in the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §203 (defining "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."). Specifically, Plaintiff set up construction, plans, and distribution of telephone networks for AT&T, which are regularly used in communication and transmission of information between Texas and other states. The Plaintiff's duties do not qualify under any of the recognized exemptions to the FLSA.

12. Between September 1, 2008 and September 12, 2008, there were at least eleven (11) unpaid hours of overtime for work performed by Plaintiff. Between October 11, 2008 and October 24, 2008, there were at least sixteen (16) unpaid hours of overtime for work performed by Todd. During Plaintiff's employment, Plaintiff was only compensated for one (1) hour of overtime (for which he was paid time and a half).

13. During the period of Plaintiff's employment with Defendant, Defendant willfully engaged in unlawful conduct by failing to pay Plaintiff all of the time that Defendant has required, suffered, and permitted Plaintiff to work in excess of forty hours per week. Under the FLSA, the employee must receive overtime compensation for the time over 40 hours at a rate of not less than one and one-half times the employee's regular pay rate. 29 U.S.C. § 207(a)(1). Defendant has failed to so compensate Todd.

### COUNT 2 – BREACH OF EMPLOYMENT CONTRACT

14. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

15. All conditions precedent have been performed or have occurred. Plaintiff and Defendant had an employment contract whereby Plaintiff agreed to perform the services and duties of an OSP engineer for compensation of $18.00 per hour and overtime pay. Plaintiff performed those duties and services, and Defendant benefited from the work Plaintiff performed. Defendant breached the contract by failing and refusing to compensate Plaintiff for all of the

regular and overtime hours Plaintiff worked, and expenses Plaintiff incurred. Defendant's breach was malicious and fraudulent. As a result, Plaintiff has been damaged.

### COUNT 3 – NEGLIGENCE PER SE FOR VIOLATION OF THE TEXAS PAYDAY ACT

16. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

17. As indicated by the title under which the law was passed ("Protection of Laborers"), the Texas Payday Act was designed to protect laborers employed in Texas, and Plaintiff falls within that class of persons. *See* Tex. Lab. Code § 61.001 et seq.

18. Defendant has violated the Texas Payday Act by: failing to pay Plaintiff on a regular business day at Plaintiff's request (Tex. Lab. Code § 61.013), failing to pay Plaintiff in full no later than the sixth day after discharge (Tex. Lab. Code § 61.014(a)), withholding or diverting Plaintiff's wages without being ordered to do so by a court, or authorized to do so by state or federal law (Tex. Lab. Code §61.018, failing to deliver wages to Plaintiff under the requirements of Texas Labor Code §61.017. These violations proximately caused damages to Plaintiff.

19. Defendant's multiple violations of the Texas Payday Act are unexcused. As a Texas company and employer, Defendant is required to understand and abide by Texas labor laws. Furthermore, Defendant was given notice in December of 2008 that it was in violation of such laws. At the very least, this constitutes gross negligence, for which Plaintiff seeks exemplary damages.

### VI.   DAMAGES

20. As a direct and proximate result of Defendant's conduct, Plaintiff suffered, at a minimum, the following damages:

    a.   $1,497.15, less applicable taxes and withholdings.

    b.   Any additional proximately caused pecuniary damages for moneys owed under the agreements between the parties or economic losses to Plaintiff caused by Defendant's wrongful conduct.

## VII. JURY DEMAND

21. Plaintiff asserts his rights under the Seventh Amendment of the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 28, a trial by jury on all issues.

## VIII. ATTORNEYS' FEES

22. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

23. Defendant's continued refusal to compensate Plaintiff as agreed and required by law has made it necessary for Plaintiff to incur attorneys' fees for prosecution of this action. As discussed in Count 2, supra, Plaintiff is seeking recovery of attorneys' fees under Section 38.001(8) of the Texas Civil Practice and Remedies code. In addition to attorneys' fees based on the claim for oral or written contract, Plaintiff is entitled to recover attorney's fees under Section 38.001(1), (2), for rendered services and performed labor. Furthermore, Plaintiff is entitled to recovery attorneys' fees under the specific statutory provisions of the FLSA. 29 U.S.C. § 216(b).

24. As discussed in paragraph 9, *supra*, Plaintiff sent a written demand for reimbursement to Defendant and to date, well over thirty days later, Defendant has failed to make any payment to Plaintiff.

## IX. PRAYER FOR RELIEF

25. For these reasons, Plaintiff asks for judgment against Defendant for the following:
   a. $1,497.15 for damages proximately caused by Defendant's conduct.
   b. Additional monetary damages proximately caused by Defendant's conduct.
   c. Exemplary damages.
   d. Reasonable attorney fees.
   e. Prejudgment and postjudgment interest.
   f. Costs of suit.
   g. All other relief the Court deems appropriate.

Dated: April 14, 2009

Respectfully submitted,

By: _____
Alexandra Fernandez
State Bar No. 24051786
Andrew W. Yung
State Bar No. 00794888
SCOTT YUNG LLP
208 N. Market St., Suite 200
Dallas, TX
Tel: (214) 220-0422
Fax: (214) 220-9932

**ATTORNEYS FOR PLAINTIFF**